# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2017-0031 |
| ) | |
| WILLIAM PAYNE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
  *For the Government*

**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant William Payne's ("Defendant") Motion to Dismiss (Dkt. No. 114) and the Government's Opposition to Defendant's Motion (Dkt. No. 116). For the reasons that follow, the Court will deny Defendant's Motion to Dismiss.

Defendant is charged in a three-count indictment with receipt of a firearm by an unlicensed person in violation of 18 U.S.C. §§ 922(a)(3) and 924(a)(2) (Count One); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two); and possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three).

In his Motion to Dismiss, Defendant claims that testimony elicited during an evidentiary hearing held in this matter on February 26, 2018 supports his contention that the Government has presented insufficient evidence to support a finding that Defendant possessed or received a firearm

or ammunition. (Dkt. No.114 at 1-3). Defendant argues that this case should be dismissed based on his claim that the Government's evidence is insufficient to support a conviction on any of the charges against him. *Id.* at 3-6. The Government responds that Defendant's Motion is premature because the Government has not yet had an opportunity to present evidence during its case-in-chief at trial. (Dkt. No. 116 at 1-2).

As this Court has previously noted, "challenges to the sufficiency of the prosecution's evidence are properly lodged through a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 after the prosecution has had an opportunity at trial to present its case." *United States v. Lang*, 2019 WL 1231670, at *4 (D.V.I. Mar. 15, 2019) (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence . . . Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges.")). District courts are "prohibited from examining the sufficiency of the government's evidence in a pretrial motion to dismiss because '[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.'" *United States v. Gillette*, 738 F.3d 63, 74 (3d Cir. 2013) (quoting *DeLaurentis*, 230 F.3d at 661).

In this case, the Government has not yet had an opportunity to marshal and present its evidence at trial. Defendant's Motion to Dismiss is therefore premature, as an examination by the Court of the sufficiency of the Government's evidence at this pretrial stage would be inappropriate.

None of the cases cited by Defendant support the proposition that the Court may properly examine the sufficiency of the Government's evidence at the pretrial stage. To the contrary, the holdings in those cases were based on findings that the evidence presented *at trial* was insufficient to support the defendants' respective convictions. *See United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984) (evidence presented at trial was insufficient to support a defendant's conviction for possession of contraband under a constructive possession theory); *United States v. Jenkins*, 90 F.3d 814 (3d Cir. 1996) (same); *United States v. Brown*, 3 F.3d 673, 684 (3d Cir. 1993) (same); *United States v. Bates*, 462 F. App'x 244 (3d Cir. 2012) (same); *United States v. Vasquez-Chan*, 978 F.2d 546 (9th Cir. 1992) (evidence presented at trial was insufficient to support a defendant's conviction for possession of contraband under an aiding and abetting theory); *United States v. Dunlap*, 28 F.3d 823 (8th Cir. 1994) (same).

Accordingly, for the reasons discussed above, and because the Court finds that a hearing on Defendant's Motion is unnecessary, Defendant's Motion to Dismiss will be denied without a hearing. An appropriate Order accompanies this Memorandum Opinion.

Date: July 15, 2019

_____/s/_____
WILMA A. LEWIS
Chief Judge