DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. 2017-0031 |
| WILLIAM PAYNE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Ronald E Russell, Esq.,**
St.Croix, U.S.V.I.
*For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THE MATTER is before the Court on Defendant William Payne's ("Defendant") "Motion to Modify Sentencing Conditions" ("Motion") (Dkt. No. 189); Defendant's supplemental filings ("Supplements") (Dkt. Nos. 190, 193); and the Government's Opposition to the Motion (Dkt. No. 191). For the reasons discussed below, Defendant's Motion will be denied without prejudice.

### I.   BACKGROUND

On September 18, 2019, Defendant pleaded guilty to one count of Possession of a Firearm by a Convicted Felon. (Dkt. No. 159). On January 9, 2020, this Court sentenced Defendant to 58 months imprisonment. (Dkt. No. 182). Defendant is currently imprisoned at the Federal Prison Camp, Pensacola ("FPC Pensacola") in Florida. (Dkt. No. 190).

On July 6, 2020, Defendant filed the instant Motion, requesting that the Court modify his sentence "to provide home confinement for the balance of his sentence." (Dkt. No 189 at 1). In support of his Motion, Defendant states that he is currently in Florida, which is now "the epicenter of the [COVID]-19 pandemic." *Id*. at 1, Ex. 1, 2. Defendant maintains that social distancing does not take place at his facility; he and his fellow inmates have not been tested for COVID-19; he currently resides in a room with 11 other inmates and they are placed three feet away from each other; and there are inmates in his facility who work at an Air Force base where there have been multiple cases of COVID-19 reported. *Id*. at 2. He further expresses that "[c]ourts all over the country have been creative in fashioning sentencing to accommodate the pandemic." *Id*. at 3.

The Government opposes Defendant's Motion, arguing that Defendant has failed to exhaust his administrative remedies with the Bureau of Prisons, as required by 18 U.S.C. § 3582. (Dkt. No. 191 at 1-2). The Government further addresses Defendant's concerns regarding the COVID-19 pandemic, outlining how the Bureau of Prisons has taken action to mitigate the dangers posed by the pandemic. *Id*. at 3-6. The Government also notes that Defendant has not been diagnosed with COVID-19, nor has he identified any pre-existing health conditions that make him vulnerable to the virus. *Id*. at 6.

## II.   DISCUSSION

Once a federally-imposed sentence commences, a district court has limited authority to modify that sentence. One such authority is found in the First Step Act, which allows the court to consider a defendant's motion for compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides, in relevant part:

> The court may *not* modify a term of imprisonment once it has been imposed except that--
>     (1) in any case--

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction ….

18 U.S.C. § 3582(c) (emphasis added).

Defendant does not establish that he has exhausted his administrative remedies as required by the statute. In this regard, he gives no indication in either his Motion or Supplements that he has submitted a request for early release to the Warden at FPC Pensacola, where he is currently imprisoned. (*See* Dkt. Nos. 189, 190). As the Third Circuit concluded in *United States v. Raia*, the exhaustion requirement under the statute presents "a glaring roadblock" to the Court's consideration of Defendant's request for compassionate release at this point. 954 F.3d 594, 597 (3d Cir. 2020).

Although the Court appreciates that the danger posed by the COVID-19 pandemic is real and ongoing, the Court is limited by the existing statutory authority and binding Third Circuit precedent in the relief that it may grant. *See Raia*, 954 F.3d at 597. Accordingly, Defendant's "Motion to Modify Sentencing Conditions" will be denied without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date:   July 31, 2020                              _____/s/_____
                                                   WILMA A. LEWIS
                                                   Chief Judge