**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WILLIAM PAYNE, )<br>)<br>          **Defendant.** )<br>) | Criminal Action No. 2017-0031 |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant William Payne's ("Defendant") "Notice to Court" ("Notice") with attached exhibits. (Dkt. No. 197). Also before the Court is the Government's response to Defendant's Notice. (Dkt. No. 198). The Court will construe Defendant's Notice as a motion,[1] and will deny, without prejudice, the requested relief.

**I.    BACKGROUND**

On September 18, 2019, Defendant pleaded guilty to one count of Possession of a Firearm by a Convicted Felon. (Dkt. No. 159). On January 9, 2020, this Court sentenced Defendant to 58

---

[1] While filed as a Notice, Defendant's submission includes requests for relief, and thus should have been filed as a motion. Defendant's counsel is advised that the failure to comply with basic rules of procedure is not viewed favorably by the Court.

months imprisonment. (Dkt. No. 182). Defendant is currently imprisoned at the Federal Prison Camp, Pensacola ("FPC Pensacola") in Florida. (Dkt. No. 190).

The Notice is characterized as Defendant's "desperate attempt" to avoid contracting COVID-19 while incarcerated. (Dkt. No. 197 at 1). It includes a letter from Defendant along with exhibits which demonstrate that, although Defendant was not born on St. Croix, his family lives on the island. *Id*. Ex. A, B, C. The purpose of these exhibits is to show that Defendant would not be a flight risk if "confinement is in St. Croix." *Id*. at 1. The Notice also represents that "[s]imultaneously," counsel for Defendant sent a letter to the warden of FPC Pensacola requesting that Defendant be released to home confinement for the remainder of his sentence. *Id*.

In the letter attached to the Notice, Defendant requests that the Court "exercise its Article III judicial authority, and issue an Order to the Bureau of Prisons [("BOP")] clarifying the exact days to be credited against his sentence." *Id*. Ex. A at 3. Defendant alleges that this clarification is necessary because the 17 months that he spent on "home detention (ankle monitoring)" prior to getting sentenced have not been credited to his sentence. *Id*. at 1-2. Defendant also requests "any other relief the Court deems fair and equitable under the COVID-19 pandemic . . . ." *Id*. at 3.

In its response to Defendant's Notice, the Government argues that Defendant must exhaust his administrative remedies with BOP before he seeks consideration by the Court of a motion for compassionate release or a motion to review a sentencing credit. (Dkt. No. 198 at 2).

## II. DISCUSSION

The Court's decision in its July 31, 2020 Order and accompanying Memorandum Opinion (Dkt. Nos. 194, 195) remains unchanged by the assertion that Defendant's counsel "simultaneously" sent a letter to the warden of FPC Pensacola requesting that Defendant be released to home confinement for the remainder of his sentence. The mere assertion that a letter

was "simultaneously" sent to the warden of FPC Pensacola does not establish that Defendant has exhausted his administrative remedies as required by statute.[2] *See* 18 U.S.C. § 3582(c)(1)(A) ("the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . may reduce the term of imprisonment . . . ."). Although the Court appreciates that the danger posed by the COVID-19 pandemic is real and ongoing, the Court is limited by the existing statutory authority and binding Third Circuit precedent in the relief that it may grant. (Dkt. No. 195 at 3) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding that the exhaustion requirement under the statute presents "a glaring roadblock" to the Court's consideration of Defendant's request for compassionate release at this point). Accordingly, Defendant's request for relief due to the COVID-19 pandemic will be denied without prejudice.

The Court will now turn to Defendant's request that the Court clarify the "exact days" to be credited against his sentence. In calculating a federal prisoner's sentence, the BOP determines: (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. *See* 18 U.S.C. § 3585; *see also Hasan v. Sniezek*, 379 F. App'x 232, 234 (3d Cir. 2010). District courts do not have authority to credit time toward a sentence under 18 U.S.C. § 3585—"that function rests in the sole authority of the BOP." *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011); *see also United States v. Wilson*, 503 U.S. 329, 333 (1992); *Hasan*, 379 F. App'x at 234 ("The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General,

---

[2] In the context in which it is written, the Court interprets Defendant's assertion to mean that Defendant's counsel sent a letter to the warden simultaneously with the filing of the instant Notice on August 17, 2020.

who acts through the BOP."). Thus, it is not within the Court's province to calculate the number of days that should be credited for time that Defendant allegedly served prior to his sentence.

This Court, however, would have jurisdiction to consider Defendant's application for credit for time allegedly served pursuant to 18 U.S.C. § 3585 if Defendant has exhausted his administrative remedies with the BOP. *See United States v. Brann*, 990 F.2d 98, 103-104 (3d Cir. 1993) (concluding that"[t]he issue of whether there has been proper credit of any prior custody to the term of [the defendant's] sentence is not ripe [,] . . . [defendant] must first exhaust his administrative remedies"); *United States v. D'Ambrosia*, 75 F. App'x 82, 83 (3d Cir. 2003); *see also Blood*, 648 F.3d at 206 (considering the merits of a habeas appeal in which the petitioner argued that the BOP did not appropriately calculate his aggregate sentence). However, Defendant has failed to establish that he has exhausted his administrative remedies with regard to this issue. Accordingly, the Court will deny Defendant's application for credit without prejudice.

### III.   CONCLUSION

Based on the foregoing, the Court will deny, without prejudice, Defendant's request for relief due to the COVID-19 pandemic, and his request associated with any credit for time served prior to his sentence.

An appropriate Order accompanies this Memorandum Opinion.

Date:   September 11, 2020                                      _____/s/_____
                                                                WILMA A. LEWIS
                                                                Chief Judge